UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LUCIA MARETT, on behalf of herself and all
others similarly situated,

                              Plaintiff,          Case No. 16-CV-9381

       -against-


PALM RESTAURANT, INC.,

                              Defendant.
------------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION
## TO DISMISS THE COMPLAINT


Dated:      New York, New York
               March 31, 2017

                                       Kaufman Dolowich & Voluck, LLP
                                       Ivan D. Smith, Esq.
                                       Maureen M. Stampp, Esq.
                                       60 Broad Street, Suite 3600A
                                       New York, New York 10004
                                       Tel.: (212) 485-9600
                                       Fax: (212) 485-9700
                                       ismith@kdvlaw.com
                                       mstampp@kdvlaw.com
                                       *Attorneys for Defendant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

SUMMARY OF FACTUAL ALLEGATIONS ........................................................................ 1

STANDARD OF REVIEW ....................................................................................................... 3

LEGAL ARGUMENT ............................................................................................................... 4

   A.   THEPALM.COM IS NOT A PLACE OF PUBLIC ACCOMMODATION ................... 4

      a.   The Website is Not a Place of Public Accommodation Under the ADA ..................... 5

      b.   The Website is Not a Place of Public Accommodation Under New York State and City Laws ................................................................................................................... 10

      c.   The WCAG Are Not Legally Binding On Defendant ................................................ 11

   B.   PLAINTIFF'S CIVIL RIGHTS LAW CLAIM MUST BE DISMISSED FOR FAILURE TO FOLLOW PROCEDURAL PRE-REQUISITES ............................................. 13

   C.   THE DAMAGES SOUGHT BY PLAINTIFF SHOULD BE CONSTRUED TO REFLECT DAMAGES AVAILABLE UNDER THE VARIOUS STATUTES UNDER WHICH PLAINTIFF HAS SUED ................................................................................................ 13

CONCLUSION ........................................................................................................................ 15

## TABLE OF AUTHORITIES

**Cases**

*Access Now, Inc. v. Southwest Airlines, Co.*, 227 F. Supp. 2d 1312 (S.D. Fla. 2002).................. 12

*Accord Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2d Cir. 2009) ................................ 7

*Ashcroft v. Iqbal*, 56 U.S. 662, 678 (2009) ................................................................................... 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................................... 6, 7

*Bitetto v. D'Angelo*, 2016 U.S. Dist. LEXIS 177482 (N.D.N.Y. Dec. 20, 2016) ......................... 12

*Bowen v. Rubin*, 385 F. Supp. 2d 168 (E.D.N.Y. 2005) .............................................................. 16

*Camarillo v. Carrols Corp.*, 518 F.3d 153 (2d Cir. 2008)............................................................. 7

*Carparts Dist. Ctr., Inc. v. Automotive Wholesaler's Assn'n of New England*, 37 F.3d 12 (1st Cir. 1994) ........................................................................................................................................ 12

*Cave v. E. Meadow Union Free Sch. Dist.*, 480 F. Supp. 2d 610 (E.D.N.Y. 2007) ..................... 15

*Co v. JP Morgan Chase Bank*, No. 12-6560 PJH, 2013 U.S. Dist. LEXIS 60130, 2013 WL 1788061, at *2 (N.D. Cal. Apr. 26, 2013) ................................................................................. 15

*Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir.1998)..................................................................... 6

*Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199 (2d Cir. 2009)............................................ 11

*Cruz v. TD Bank, N.A.*, 855 F. Supp. 2d 157 (S.D.N.Y. 2012 ....................................................... 9

*De La Rosa v. 597 Broadway Dev. Corp.*, 2015 U.S. Dist. LEXIS 158089 (S.D.N.Y. Aug. 4, 2015) .......................................................................................................................................... 13

*Doe v. Mutual of Omaha Ins. Co.*, 179 F.3d 557 (7th Cir. 1999)................................................ 12

*Fred Leroy Pasternack*, NTSB Order No. EA-5615, 2012 NTSB LEXIS 4, 2012 WL 562137, at *8 (Feb. 13, 2012)...................................................................................................................... 14

*Getty Petroleum Mktg., Inc. v. Capital Terminal Co.*, 391 F.3d 312 (1st Cir. R.I. 2004) ............ 15

*Gilbert v. Hotline Delivery*, 2001 WL 799576, at *4 (S.D.N.Y. July 10, 2001)......................... 16

*Graves v. Finch Pruyn & Co.*, 457 F.3d 181 (2d Cir. 2006) ....................................................... 13

*Harty v. Spring Valley Marketplace LLC*, 2017 U.S. Dist. LEXIS 3418 (S.D.N.Y. Jan. 9, 2017) ............................................................................................................................... 13

*Hupfauer v. CitiBank, N.A.*, No. 16 C 475, 2016 U.S. Dist. LEXIS 112227, 2016 WL 4506798 (N.D. Ill. Aug. 19, 2016) ............................................................................................. 15

*Jancik v. Redbox Automated Retail, LLC*, No. SACV 13-1387-DOC (RNBx), 2014 U.S. Dist. LEXIS 67223 (C.D. Cal. May 14, 2014) ............................................................... 12

*King v. Simpson*, 189 F.3d 284 (2d Cir.1999) .............................................................. 6

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .................................................... 8

*Mamisay v. Experian Info. Solutions, Inc.*, 2017 U.S. Dist. LEXIS 40793 (N.D. Cal. Mar. 21, 2017) ......................................................................................................................... 15

*Mangiafico v. Blumenthal*, 471 F.3d 391 (2d Cir.2006) ............................................ 4, 5

*Massachusetts v. E\* Trade Access, Inc.*, 2005 U.S. Dist. LEXIS 22621 (D. Mass. Feb. 22, 2005) ........................................................................................................................... 11

*McIntosh v. Irving Trust, Co.*, 873 F.Supp. 872 (S.D.N.Y.1995) ............................... 16

*National Fedn. Of the Blind v. Scribd, Inc.*, 97 F.Supp.3d 565 (D. Vermont 2015) ..... 12

*Ofori–Tenkorang v. American Int'l Group, Inc.*, 460 F.3d 296 (2d Cir. 2006) ............. 7

*Pasternack v. Lab. Corp. of Am.*, 2014 U.S. Dist. LEXIS 137671 (S.D.N.Y. Sept. 28, 2014) .... 14

*Powell v. Natl. Bd. of Med. Examiners*, 364 F.3d 79 (2d Cir. 2004) .......................... 16

*Scott v. City of N.Y.*, 592 F. Supp. 2d 501 (S.D.N.Y. 2008) ......................................... 9

*Shalto v Bay of Bengal Kabob Corp.*, 12-CV-920 KAM VMS, 2013 WL 867429 (E.D.N.Y. Feb. 6, 2013) ............................................................................................................... 16

*Teltronics Services, Inc. v. LM Ericsson Telecommunications, Inc.*, 642 F.2d 31 (2d Cir. 1981) . 6

*Thai v. Cayre Grp., Ltd.*, 726 F. Supp. 2d 323 (S.D.N.Y. 2010) ................................... 7

*Thomas v. Northwest Airlines Corp.*, 2011 U.S. Dist. LEXIS 91149 (E.D. Mich. Aug. 16, 2011) ........................................................................................................................... 11

*Ticor Tit. Ins. Co. v Cohen*, 173 F3d 63 (2d Cir 1999) ................................................. 7

*Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104 (9th Cir. Wash. 2000) ... 10

*Young v. Facebook*, 790 F. Supp. 2d 1110 (N.D. Ca. 2011) ............................................................ 12

*Zerrilli v. N.Y.C. Transit Auth.*, 973 F. Supp. 311 (E.D.N.Y.1997) .............................................. 17

**Statutes**

29 U.S.C. § 701 ..................................................................................................................... 10

29 U.S.C. § 794(d) ........................................................................................................... 10, 11

*42 U.S.C. § 1205* ................................................................................................................... 16

42 U.S.C. § 12181(7)(A-L) ..................................................................................................... 9

42 U.S.C. § 12182(b)(1)(A)(I) ................................................................................................ 8

42 U.S.C. § 12182(b)(1)A)(I) .................................................................................................. 8

42 U.S.C. § 12182(b)(2)(A)(III) ............................................................................................. 8

N.Y. Exec. Law § 296(2)(a) ................................................................................................... 13

N.Y.C. Admin. Code § 8-502(f) ............................................................................................ 16

NYC Admin. Code § 8-107(4)(a) .......................................................................................... 13

NY Civ. R. L § 40 .................................................................................................................. 15

**Rules**

Fed. R. Evid. 201 ..................................................................................................................... 5

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 3

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
## TO DISMISS THE COMPLAINT

Defendant Palm Restaurant, Inc. (the "Palm" or "Defendant") respectfully submits this Memorandum of Law in support of its Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### PRELIMINARY STATEMENT

Plaintiff Lucia Marett ("plaintiff" or "Marett"), a blind individual, filed a complaint against the Palm on behalf of herself and others similarly situated. In the Complaint, plaintiff alleges that the Palm violated Title III of the Americans with Disabilities Act of 1990 (the "ADA") and analogous state law by failing to make its website, www.thepalm.com (the "Website"), equally accessible to blind individuals so that they may independently navigate and complete purchases like non-visually impaired customers. Plaintiff seeks to represent a class of similarly situated individuals and proceed as a class action. The Palm moves to dismiss the Complaint, in its entirety, on the ground that the Website is not a place of public accommodation within the meaning of the ADA, the New York State Human Rights Law ("NYSHRL"), the New York Civil Rights Law ("NYCRL"), and the New York City Human Rights Law ("NYCHRL"). In the alternative, the Palm seeks partial dismissal of the Complaint to the extent that plaintiff seeks remedies not provided for by statute and to the extent that plaintiff's claims rely on Section 40 of the NYCRL.

### SUMMARY OF FACTUAL ALLEGATIONS

For purposes of this motion only, the following allegations are assumed to be true.

The Palm owns and operates more than 20 steakhouses nationwide (hereafter "Palm Restaurants"), including three locations within the Southern District of New York. (Complaint, ¶ 31.) The Palm also operates the Website. (Complaint, ¶ 32.) The Website allows users to

1

purchase gift cards, review Palm Restaurant menus, and review information such as restaurant locations, hours, phone numbers and specials. (Complaint, ¶ 34.)

In the Complaint, plaintiff alleges that in November 2016, she browsed and intended to purchase a $100 gift card through the Website.[1] (Complaint, ¶ 15.) She claims that she could not add the item to her cart because of access barriers that prevent blind individuals from using keyboard and screen reading software to complete their online activities. (Complaint, ¶47.) Specifically, plaintiff alleges the Website relies on an exclusively visual interface resulting in barriers to accessibility which include: lack of alt-text on graphics, inaccessible forms, the lack of navigation links, the lack of adequate prompting and labeling, the denial of keyboard access, and the requirement that transactions be performed solely with a mouse. (Complaint, ¶ 40.) Plaintiff alleges this constitutes a violation of the ADA, NYSHRL, NYCRL, and NYCHRL.

---

[1] Plaintiff relies upon and cites to www.thepalm.com as the basis for her Complaint and, therefore, has incorporated the website by reference into the Complaint. Thus, the website may properly be relied upon by the Palm in this motion without converting it to a motion for summary judgment as a "Complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006). To the extent the website is not deemed to be incorporated by reference, the Palm requests that the Court take judicial notice of the Website and the information provided at www.thepalm.com. Fed. R. Evid. 201 ("the Court…must take judicial notice if a party requests it and the Court is supplied with the necessary information."). Further, all services available on the Website are equally available via the telephone or at one of defendant's 20 locations.

Plaintiff, in the Complaint, alleges that there are well-established guidelines for making websites accessible to blind people. (Complaint, ¶10.) She cites to the Web Accessibility Initiative (WAI), a project of the World Wide Web consortium, the leading standards organization of the Web, that has developed guidelines for website accessibility for the blind, known as the Web Content Accessibility Guidelines ("WCAG"). (Complaint, ¶10.) In addition, plaintiff asserts that the federal government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. (Complaint, ¶10.)

Plaintiff's allegations of accessibility barriers relate solely to the Website, as the Complaint does not allege that plaintiff even attempted to visit any of the Palm Restaurants, much less that she encountered any barriers therein. Plaintiff's Complaint seeks to impose liability for failing to adhere to the WAI guidelines, which are merely aspirational standards and do not carry the force of law behind them. It should be noted that the federal government's promulgation of website accessibility standards applies to federal agencies only and has no bearing on private companies. As plaintiff's Complaint asks the Court to create a new substantive right, rather to enforce a right already created by the legislature, her Complaint must be dismissed for failure to state a claim.

## STANDARD OF REVIEW

Under the now well-established *Twombly* standard, a Complaint should be dismissed if it does not state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is a dismissal on the merits of the action, a determination that the facts alleged in the Complaint fail to state a claim upon which relief may be granted. *See Teltronics Servs., Inc. v. LM Ericsson Telecomm., Inc.*, 642 F.2d 31, 34 (2d Cir. 1981). Therefore, the issue before the court on such a

motion "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *King v. Simpson,* 189 F.3d 284, 287 (2d Cir. 1999). "The task of the court in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the Complaint, not to assay the weight of the evidence which might be offered in support thereof." *Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir. 1998).

To survive a motion to dismiss, a plaintiff's allegations must meet a standard of "plausibility." *Twombly,* 550 U.S. at 564. A claim satisfies the plausibility standard "when the [Complaint] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 56 U.S. 662, 678 (2009) (citation omitted). Pleading facts that are "merely consistent with a defendant's liability." *Id.* (quotation marks and citations omitted) is insufficient to "nudge [a Plaintiff's] claims across the line from the conceivable to plausible." *Twombly,* 550 U.S. at 570. In deciding a motion to dismiss, the court must "accept as true all of the factual allegations contained in the Complaint," *Twombly,* 550 U.S. at 572. *See Rescuecom Corp. v. Google Inc.,* 562 F.3d 123, 127 (2d Cir. 2009) and "draw all reasonable inferences in Plaintiff's favor." *Ofori–Tenkorang v. American Int'l Group, Inc.,* 460 F.3d 296, 298 (2d Cir. 2006). However, the Court need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations ... a presumption of truthfulness." *Thai v. Cayre Grp., Ltd.,* 726 F. Supp. 2d 323, 328 (S.D.N.Y. 2010).

## LEGAL ARGUMENT

### A. THEPALM.COM IS NOT A PLACE OF PUBLIC ACCOMMODATION

Plaintiff's allegations boil down to a single proposition that the Website is not in compliance with the ADA and corresponding state and city laws. Therefore, the critical issue to be decided is whether defendant's website is "place of public accommodation" as defined and

4

intended by the ADA, NYSHRL, NYCRL, and NYCHRL. None of these statutes can reasonably be construed as applying to websites operated by a private entity.

### a. *The Website is Not a Place of Public Accommodation Under the ADA*

To state a claim under Title III of the ADA, a plaintiff must allege that: (1) she is disabled within the meaning of the ADA; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against her by denying her a full and equal opportunity to enjoy the services the defendant provides. *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008). In addition, a plaintiff must establish standing, and in cases seeking injunctive relief, a plaintiff must demonstrate "a showing of irreparable injury and the inadequacy of legal remedies." *Ticor Tit. Ins. Co. v. Cohen*, 173 F3d 63, 68 (2d Cir 1999). To have standing, a plaintiff must allege injury-in-fact and that the injury is capable of being redressed by a favorable ruling from the court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

Further, Title III provides that it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(I). Unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities," 42 U.S.C. § 12182(b)(1)A)(I), and a "failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of

such goods, services, facilities, privileges, advances or accommodations." 42 U.S.C. § 12182(b)(2)(A)(III).

The ADA defines a place of public accommodation as a facility whose operations affect commerce and that falls within at least one of twelve (12) types of establishments:

1. Places of lodging (e.g., inns, hotels, motels) (except for owner-occupied establishments renting fewer than six rooms);
2. Establishments serving food or drink (e.g., restaurants and bars);
3. Places of exhibition or entertainment (e.g., motion picture houses, theaters, concert halls, stadiums);
4. Places of public gathering (e.g., auditoriums, convention centers, lecture halls);
5. Sales or rental establishments (e.g., bakeries, grocery stores, hardware stores, shopping centers);
6. Service establishments (e.g., laundromats, dry-cleaners, banks, barber shops, beauty shops, travel services, shoe repair services, funeral parlors, gas stations, offices of accountants or lawyers, pharmacies, insurance offices, professional offices of health care providers, hospitals);
7. Public transportation terminals, depots, or stations (not including facilities relating to air transportation);
8. Places of public display or collection (e.g., museums, libraries, galleries);
9. Places of recreation (e.g., parks, zoos, amusement parks);
10. Places of education (e.g., nursery schools, elementary, secondary, undergraduate, or postgraduate private schools);
11. Social service center establishments (e.g., day care centers, senior citizen centers, homeless shelters, food banks, adoption agencies); and
12. Places of exercise or recreation (e.g., gymnasiums, health spas, bowling alleys, golf courses).

42 U.S.C. § 12181(7)(A-L). Notably absent from this list is any reference to websites. In creating this list, Congress clearly demonstrated its ability to enumerate in explicit terms the types of establishment covered by the ADA.

Similarly, the Department of Justice ("DOJ"), which is responsible for enforcing Title III, issued regulations which define a "place of public accommodation" as "a facility operated by a private entity whose operations affect commerce and fall within at least one of the following

6

categories" listed in 28 C.F.R. § 36.104. The categories in the regulation are essentially the same as those in the statute.

The statutes and governing regulations are clear and unambiguous on their face that websites are not included in the enumerated lists. Accordingly, the Court should construe the list of places of public accommodations as set forth in the ADA and accompanying regulations as an exclusive list and the Court should "not [] add elements to a list of statutory or regulatory requirements." *Cruz v. TD Bank, N.A.*, 855 F. Supp. 2d 157, 171 (S.D.N.Y. 2012, *quoting Scott v. City of N.Y.*, 592 F. Supp. 2d 501, 506 (S.D.N.Y. 2008).

Courts have similarly construed the ADA definition of public accommodation as applying only to physical spaces under the theory that, as § 12181(7) lists exclusively physical spaces as examples of public accommodations, the term must be construed within this context:

> Title III provides an extensive list of "public accommodations" in § 12181(7), including such a wide variety of things as an inn, a restaurant, a theater, an auditorium, a bakery, a laundromat, a depot, a museum, a zoo, a nursery, a day care center, and a gymnasium. All the items on this list, however, have something in common. They are actual, physical places where goods or services are open to the public, and places where the public gets those goods or services. The principle of *noscitur a sociis* requires that the term, "place of public accommodation," be interpreted within the context of the accompanying words, and this context suggests that some connection between the good or service complained of and an actual physical place is required.

*Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. Wash. 2000).

Plaintiff may argue that at the time of the ADA's enactment in 1990, websites were not foreseen and the courts should liberally construe the statute to include websites in order to accomplish the statute's far-reaching aims to stamp out disability discrimination. This argument fails because Congress and the DOJ have had ample opportunities to amend the statute to cover, clearly and unambiguously, the websites of private entities and have chosen not to do so.

7

Indeed, in 1998, Congress amended the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., specifically to require federal agencies to make electronic and information technology (EIT) accessible to people with disabilities. *See* 29 U.S.C. § 794(d). This amendment did not reach private entities. Similarly, in 2008 Congress amended the ADA but did not expand the list of places of public accommodations to include websites or mandated EIT access for people with disabilities.

Congress could have amended the ADA to expand the list or extended the 1998 amendment to the Rehabilitation Act to cover private entities. Congress did not do so, and to date, has not done so. *See* 29 U.S.C. § 794(d). The well-established canon of statutory construction *expressio unius est exclusion alterius*, or, "the mention of one thing implies the exclusion of the other," *Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 221 (2d Cir. 2009), mandates a conclusion that Congress' exclusion of the websites of private entities from the statutory list, while reaching the websites of federal agencies, was purposeful.

Given Congress' and the DOJ's inaction in this area, plaintiff here invites the Court to usurp the legislative bodies' rulemaking authority and greatly expand the definition of public accommodation. The Court should decline plaintiff's invitation to expand the list to cover websites and instead defer to the legislative process. *See, e.g., Thomas v. Northwest Airlines Corp.*, 2011 U.S. Dist. LEXIS 91149, *13 (E.D. Mich. Aug. 16, 2011) ("Furthermore, if there is no ADAAG standard governing what plaintiffs seek, then plaintiffs cannot sustain a claim of discrimination against Delta based on the facility."); *Massachusetts v. E* Trade Access, Inc.*, 2005 U.S. Dist. LEXIS 22621, *10-11 (D. Mass. Feb. 22, 2005) ("The statutory language and structure of the ADA indicate that Congress intended that the DOJ's regulations and the

ADAAG, when passed, would set forth standards sufficient to satisfy ADA obligations; the DOJ's regulations therefore establish the limits of ADA liability.").

There is very little case law specifically addressing web access discrimination claims such as the instant case. The Second Circuit has not yet ruled on whether a website is a place of public accommodation. Only one district court within the Second Circuit has directly addressed whether Title III should apply to websites. In 2015, the District of Vermont denied a web operator's motion to dismiss a Title III case and determined that the web operator, by offering services of a digital library with no physical location open to the public, owns, leases or operates a place of public accommodation and is covered by Title III. *See National Fedn. Of the Blind v. Scribd, Inc.*, 97 F.Supp.3d 565, 575 (D. Vermont 2015). *But see Bitetto v. D'Angelo*, 2016 U.S. Dist. LEXIS 177482, *4 (N.D.N.Y. Dec. 20, 2016) ("It is unclear whether a website, such as the one in question, is considered a 'place of public accommodation' as this appears to be a matter of first impression in this Circuit.").

Courts outside the Second Circuit that have addressed the issue are split, with some ruling that the ADA's Title III applies only to discrimination occurring at a physical place or somewhere with a sufficient nexus to a physical place, and other courts ruling that Title III should be interpreted more broadly. *See, e.g., Young v. Facebook*, 790 F. Supp. 2d 1110, 1116 (N.D. Ca. 2011) (holding that social media website was not a place of public accommodation under Title III, and, thus, the website could not be held liable under Title III of the ADA); *Access Now, Inc. v. Southwest Airlines, Co.*, 227 F. Supp. 2d 1312, 1319 (S.D. Fla. 2002) (finding that airline's website was not a public accommodation under Title III). *But see Carparts Dist. Ctr., Inc. v. Automotive Wholesaler's Assn'n of New England*, 37 F.3d 12, 19 (1st Cir. 1994) (Title III covers both tangible and intangible barriers, but requiring sufficient "nexus" between the

challenged services and the premises of the public accommodation and found that insurance offerings are subject to Title III). *Cf., Jancik v. Redbox Automated Retail, LLC*, No. SACV 13-1387-DOC (RNBx), 2014 U.S. Dist. LEXIS 67223, (C.D. Cal. May 14, 2014) (website was not a place of public accommodation because it was not a physical place and there was not a sufficient nexus between the website and physical kiosks). *Cf. Doe v. Mutual of Omaha Ins. Co.*, 179 F.3d 557, 559 (7th Cir. 1999) (noting that websites would be covered by Title III).

Given the lack of specific reference to websites in the ADA, and in light of the DOJ's failure to issue regulations definitively extending the ADA's protections to websites operated by private entities or providing any definitive guidance, the Palm urges this Court to follow the Third, Sixth, and Ninth Circuits in narrowly construing Title III's reach to physical places of public accommodations unless and until Congress or the DOJ propounds clear guidance on the issue.

### b. *The Website is Not a Place of Public Accommodation Under New York State and City Laws*

The NYSHRL makes it unlawful for a public accommodation to "directly or indirectly, refuse, withhold from or deny to a disabled person any of the accommodations, advantages, facilities or privileges thereof on the grounds of disability." *See* N.Y. Exec. Law § 296(2)(a). *See also Harty v. Spring Valley Marketplace LLC*, 2017 U.S. Dist. LEXIS 3418 * (S.D.N.Y. Jan. 9, 2017) (The NYSHRL "prohibits denying access to 'the accommodations, advantages, facilities or privileges' of any place of public accommodation on the basis of a disability."). The NYSHRL is interpreted similarly to the requirements of the ADA, and the Second Circuit has observed that a disability-discrimination claim under the NYSHRL "survives or fails on the same basis as [the parallel] ADA claim." *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 186 n.3 (2d Cir. 2006).

10

The NYCHRL prohibits withholding or denying access to any place of public accommodation because of an individual's "actual or perceived" disability. NYC Admin. Code § 8-107(4)(a). The law requires anyone covered by the statute to "make reasonable accommodation to enable a person with a disability to . . . enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." *Id.* § 8-107(15)(a). *See also De La Rosa v. 597 Broadway Dev. Corp.*, 2015 U.S. Dist. LEXIS 158089 (S.D.N.Y. Aug. 4, 2015).

Similar to the ADA, the NYSHRL, NYCRL, and NYCHRL all make no mention of websites as places of public accommodation. Also similar to the federal regulations, New York State and New York City have each mandated that government websites must be accessible but have declined to pass corresponding requirements applicable to websites operated by private entities. *See, e.g.,* NYS Policy NYS-P08-005 Accessibility of Web Based Information and Applications; Intro. 683-A Protocol Relating to the Accessibility of City Government Websites for Persons with Disabilities. Moreover, Defendant has found no case law extending the NYSHRL, NYCRL, or NYCHRL to websites or holding that such sites are places of public accommodation within the meaning of the statutes.

    c.    *The WCAG Are Not Legally Binding On Defendant*

In the absence of specific statutory or regulatory authority applying Title III protections to private websites, the Complaint erroneously casts the Website's alleged failure to adhere to the best practices set forth in the WCAG as a *de facto* violation of the ADA. The WCAG were created by the WAI to provide guidance to web developers as to best practices to create a fully-accessible website. The WCAG, however, have not been incorporated into law by Congress or DOJ regulations. Courts in many different contexts have regularly recognized the difference

between voluntary compliance with aspirational industry guidelines as distinct from a legally enforceable obligation to comply with mandatory statutory or regulatory imperatives. *See, e.g., Pasternack v. Lab. Corp. of Am.*, 2014 U.S. Dist. LEXIS 137671, *8 (S.D.N.Y. Sept. 28, 2014), quoting *Fred Leroy Pasternack*, NTSB Order No. EA-5615, 2012 NTSB LEXIS 4, 2012 WL 562137, at *8 (Feb. 13, 2012)(the "DOT [Urine Specimen] Collection Guidelines are just that — guidelines, and not regulations. Thus, they do not carry with them the force of a regulation to make them binding on the collector."); *Mamisay v. Experian Info. Solutions, Inc.*, 2017 U.S. Dist. LEXIS 40793, *20 (N.D. Cal. Mar. 21, 2017), quoting *Co v. JP Morgan Chase Bank*, No. 12-6560 PJH, 2013 U.S. Dist. LEXIS 60130, 2013 WL 1788061, at *2 (N.D. Cal. Apr. 26, 2013) ("[P]laintiffs concede that [the Metro 2] guidelines are not binding on Chase, and that non-compliance with the guidelines does not constitute a violation of FCRA or CCRAA."); *Hupfauer v. CitiBank, N.A.*, No. 16 C 475, 2016 U.S. Dist. LEXIS 112227, 2016 WL 4506798, at *4 n.5 (N.D. Ill. Aug. 19, 2016) ("Plaintiff's argument that Experian's reporting deviated from guidelines set by the Consumer Data Industry Association is beside the point, as these guidelines do not establish the standards for accuracy under the FCRA and cannot form the basis for FCRA liability."); *Getty Petroleum Mktg., Inc. v. Capital Terminal Co.*, 391 F.3d 312, 326 (1st Cir. R.I. 2004) ("[V]oluntary standards are not law.").

Particularly where, such as with the WCAG, implementation of a non-mandatory standard would require significant expense and engagement of highly specialized experts, courts should be wary of requiring private entities to comply with an arbitrary standard that has not been passed through the standard channels of legislative enactment or regulatory rulemaking. Accordingly, this claim must be dismissed.

## B. PLAINTIFF'S CIVIL RIGHTS LAW CLAIM MUST BE DISMISSED FOR FAILURE TO FOLLOW PROCEDURAL PRE-REQUISITES

The NYCRL § 40 requires that all persons "be entitled to the full and equal accommodations . . . of any places of public accommodations," only protects persons from discrimination "on account of race, creed, color or national origin." N.Y. Civ. Rights Law § 40. That statute makes no mention of disability and is inapplicable to the instant case. *See Cave v. E. Meadow Union Free Sch. Dist.*, 480 F. Supp. 2d 610, 642 (E.D.N.Y. 2007). Accordingly, plaintiff's claims brought pursuant to § 40 must therefore be dismissed.

## C. THE DAMAGES SOUGHT BY PLAINTIFF SHOULD BE CONSTRUED TO REFLECT DAMAGES AVAILABLE UNDER THE VARIOUS STATUTES UNDER WHICH PLAINTIFF HAS SUED

It is unclear from the Complaint which damages are being sought pursuant to each statutory claim. Accordingly, the Palm seeks a declaration from the Court confirming that, in the event plaintiff is successful on her claims, she is entitled only to those remedies available pursuant to each applicable statute.

Although Title III grants a private right of action, it allows only for injunctive relief. *See* § 12188(a)(1); *Powell v. Natl. Bd. of Med. Examiners*, 364 F.3d 79, 86 (2d Cir. 2004); *Bowen v. Rubin*, 385 F. Supp. 2d 168, 181 (E.D.N.Y. July 29, 2005). Accordingly, any claim for compensatory or punitive damages sought by plaintiff pursuant to the ADA should be dismissed.

Plaintiff seeks attorneys' fees and costs. (Compl., ¶ 116.) However, reasonable attorneys' fees, including litigation expenses and costs, are available under the ADA and NYCHRL, but not the NYSHRL or NYCRL. *See 42 U.S.C. § 1205; N.Y.C. Admin. Code § 8-502(f)*. To the extent any attorneys' fees and costs are sought based on claims brought pursuant to the NYSHRL and NYCRL, such claims must be dismissed.

Plaintiff seeks pre- and post-judgment interest. (Compl., ¶ 117.) However, Courts typically do not award interest for compensatory mental distress damages. *See e.g. Shalto v. Bay of Bengal Kabob Corp.*, 12-CV-920 KAM VMS, 2013 WL 867429, at *12 (E.D.N.Y. Feb. 6, 2013), *report and recommendation adopted as mod.*, 12-CV-920 KAM VMS, 2013 WL 867420 (E.D.N.Y. Mar. 7, 2013); *McIntosh v. Irving Trust, Co.*, 873 F.Supp. 872, 882 (S.D.N.Y.1995) (holding that prejudgment interest for compensatory mental distress damages not available on a claim under the New York State Human Rights Law); *Gilbert v. Hotline Delivery*, 2001 WL 799576, at *4 (S.D.N.Y. July 10, 2001) (declining to award prejudgment interest on ADA-derived pain and suffering damages because the plaintiff made no showing that it was necessary to make the plaintiff whole); *Zerrilli v. N.Y.C. Transit Auth.*, 973 F. Supp. 311, 317 (E.D.N.Y.1997) (holding that prejudgment interest ordinarily not applied to awards of damages for pain and suffering under Title VII). Accordingly, plaintiff's claim for interest should be dismissed.

## CONCLUSION

For the reasons set forth, the Palm respectfully requests that the Court grant Defendant's motion to dismiss the Complaint in its entirety and/or award Defendant such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         March 31, 2017

Kaufman Dolowich & Voluck, LLP

By: *Ivan D. Smith*
Ivan D. Smith, Esq.
Maureen M. Stampp, Esq.
60 Broad Street, Suite 3600A
New York, New York 10004
Tel.: (212) 485-9600
Fax: (212) 485-9700
ismith@kdvlaw.com
mstampp@kdvlaw.com
*Attorneys for Defendant*

4839-0695-4054, v. 3