# EXHIBIT A

## CLASS SETTLEMENT AGREEMENT AND RELEASE

1. **Introduction.**

    1.1 This Settlement Agreement (together with all exhibits, the "Agreement") is entered into by and between Palm Restaurant, Inc. ("Palm" or "Defendant") and Lucia Marett ("Plaintiff" or "Named Plaintiff"), individually and on behalf of herself and a class of persons similarly situated. Defendant and the Named Plaintiff (individually and on behalf of the Settlement Class, defined herein) shall be referred to as a "Party" and jointly as "Parties."

    1.2 Defendant owns and operates the website http://www.thepalm.com (the "Website" or "Palm.com"), which is available through the Internet to personal computers, laptops, smart phones, tablets and other similar devices.

    1.3 Plaintiff, Lucia Marett, filed a Complaint against Palm in the United States District Court for the Southern District of New York on December 5, 2016, Case No. 16-cv-9381, (the "Lawsuit"), which was assigned to the Honorable John G. Koeltl, U.S.D.J.

    1.4 Plaintiff alleged in the Complaint that the Palm.com Website is not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA").

    1.5 Defendant disputes the allegations set forth in the Complaint.

    1.6 The Parties attended an initial conference on February 14, 2017. On March 31, 2017 Defendant filed a motion to dismiss, which Plaintiff opposed and which was fully briefed as of April 21, 2017.

    1.7 The Parties now wish to effect a complete resolution and settlement of all claims, disputes, and controversies relating to the allegations of the Named Plaintiff and the Settlement Class, and to resolve their differences and disputes by settling the Lawsuit.

    1.8 The terms of all Exhibits attached hereto are fully incorporated into this Agreement and are an integral part thereof. The terms of this Agreement, where applicable, are fully incorporated into all Exhibits and are, where applicable, an integral part thereof. To the extent that there are any conflicts or inconsistencies between the terms of this Agreement and any of the Exhibits, the terms of this Agreement shall control.

2. **No Admission of Liability.** By agreeing to and voluntarily entering into this Agreement, there is no admission or concession by Defendant, direct or indirect, express or implied, that the Website is in any way inaccessible or that Palm has violated Title III of the Americans with Disabilities Act of 1990, or any other federal, state, or local law, regulation, order, or rule.

3. **Definitions.** In addition to the terms defined elsewhere in the Agreement, the following terms shall have the meanings set forth below.

1

3.1     "ADA" means Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq., as amended, and its implementing regulations.

3.2     "Class Counsel" means C.K. Lee, Esq., of Lee Litigation Group, PLLC, 30 East 39th Street, New York, New York 10016.

3.3     "Final Approval" means the approval of this Agreement by the Court.

3.4     The "Effective Date" means (i) the date of final affirmance on an appeal, the expiration of the time for a petition of certiorari and, if certiorari is granted, the date of final affirmance following review pursuant to that grant; or (ii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the court's judgment dismissing the action.

3.5     "Settlement Class" means all legally blind individuals in the United States who have attempted to access http://www.thepalm.com at any time from three years prior to the filing of the Complaint through the date of this Agreement and, who claim they were denied access to the enjoyment of goods and services offered by Palm Restaurants.

3.6     "Settlement Class Member" means any member of the Settlement Class.

3.7     "Notice" means notice of this Agreement as provided in Paragraph 13 herein.

3.8     "Preliminary Approval" means the initial approval by the Court of the terms of this Agreement, which shall occur prior to any Notice being provided in accordance with Paragraph 13 of this Agreement.

3.9     "Settlement Website" refers to the website accessible through a link on the homepage of http://www.palm.com, which, pursuant to this Agreement, shall contain information for class members relating to the proposed settlement.

4.0     "Settlement Administrator" refers to Advanced Litigation Strategies, LLC, a third party administrator under common control of Plaintiff's counsel. The Settlement Administrator will publish the Notice through a settlement website, process opt-out and objection forms, and distribute the payment of legal fees and service award upon the Court's final approval of the settlement.

4.      **Conditions Precedent.** This Agreement shall be conditioned upon and shall be effective only upon the occurrence of all of the following events.

4.1     Class Counsel and Defendant have moved jointly for, and the Court has entered, an order granting Preliminary Approval of this Agreement and approving issuance of Notice in accordance with the procedures for providing Notice submitted by the Parties.

4.2     Upon Preliminary Approval of this Agreement and approval of the Notice and the procedures for providing Notice, Notice has been provided to the Settlement Class in accordance with the procedures for providing Notice approved by the Court.

4.3     A Fairness hearing has been held in accordance with Paragraph 14 below.

4.4     The Court has granted Final Approval of this Agreement, dismissed the claims of the Lawsuit in accordance with the terms set forth herein after a Fairness Hearing has been conducted (subject to the Court's retaining jurisdiction), and all such orders and approvals have become final and non-appealable.

5.  **Accessibility of Palm.com.**

5.1     Defendant shall ensure that the Palm.com website is brought into substantial conformance with the Web Content Accessibility Guidelines (WCAG) 2.0 Level A and AA, and that blind customers using screen-reader software may acquire the same information and engage in the same transactions as are available to sighted customers with substantially equivalent ease of use.

5.2     To achieve nonvisual accessibility, Defendant shall make the changes to Palm.com to conform with Web Content Accessibility Guidelines (WCAG) 2.0 Level A and AA standards. These changes were identified and agreed to by the Class Counsel and Defendant. Defendant expects to implement these changes by ~~July 2018~~ *within one year after the date the Court approves the Settlement Agreement.* [handwritten edit, initialed]

6.  **Nonvisual Accessibility Certification.** Upon completion of the changes to Palm.com, Defendant shall certify to Plaintiff's counsel that the Palm.com website conforms to the WCAG 2.0 Level A and AA Standards. Defendant shall use its best efforts to complete such certification within thirty (30) days after completion of the changes to Palm.com.

7.  **Customer Feedback.**

7.1     Defendant shall ensure that complaints received from customers regarding the accessibility of Palm.com by those using screen-reader technology are reported to the Palm employee or employees responsible for ensuring that Palm.com is accessible.

7.2     Defendant shall provide to Class Counsel a quarterly summary of any complaints received from customers regarding the accessibility or usability of Palm.com by those using screen-reader technology for a period of one (1) year. Each summary shall identify the nature of any complaint and shall indicate whether the issue was resolved; if an issue was not resolved, Palm shall consult with Class Counsel about possible resolution. The summaries and their contents shall be used for the sole purpose of monitoring the Palm.com website. Neither the summaries themselves nor their contents shall be admissible as evidence in any judicial proceeding.

8.  **Opt-Out.**   No Settlement Class Member may opt out of the release of claims for injunctive relief of this Agreement, although Settlement Class Members may opt out in order to pursue monetary relief, at their election, as set forth in Paragraph 12 below. The Named Plaintiff may not opt out of any of the provisions of this Agreement.

9.  **Dispute Resolution.** Any disputes relating to this Agreement shall be resolved according to the following procedure:

9.1   Meet and Confer. If either Party believes that a dispute exists relating to this Agreement, it shall notify the other Party. The Parties shall meet and confer in an effort to reach agreement.

9.2   Submission to Court. If the parties are unable to resolve the dispute through mediation within sixty days, the sole manner for resolving the dispute is for the Party to present the dispute to Hon. John. G. Koeltl, U.S.D.J.

10.   Service Award. Named Plaintiff shall receive $1,000 as a service award in recognition of her service to the Class. Subject to Named Plaintiff providing Defendant's Counsel with a completed 1099 form, Defendant shall pay any amount due pursuant to this section within 30 days of the date the Court grants preliminary approval of this Agreement, to be held in escrow by Class Counsel pending Final Approval by the Court. The service award may be released from escrow and paid to Named Plaintiff following the Effective Date. Any such amounts not approved by the Court shall be made payable as a *cy pres* donation to the National Federation for the Blind.

11.   **Attorneys' Fees and Costs; Administration Fees**

11.1   Class Counsel shall file a motion for an award of reasonable attorneys' fees and costs of $89,000. This award and amount shall include all fees and costs recoverable including any attorneys' fees and costs incurred after the date of this Agreement. The motion shall be heard at the time of the Final Approval and Fairness Hearing. Defendant shall not oppose the motion or any proposed order awarding fees and costs in the amount of $89,000.

11.2   Subject to Class Counsel providing Defendant's Counsel with completed W-9 forms and wiring instructions, Defendant shall pay any amount due pursuant to this section within 30 days of the date the Court grants preliminary approval of this Agreement, to be held in escrow by Class Counsel pending Final Approval by the Court. The attorneys' fees and costs in the amount of $89,000 may be released from escrow following the Effective Date. Any such amounts not approved by the Court shall be made payable as a *cy pres* donation to an organization selected by Class Counsel.

11.3   In return for services rendered to the Class Members, the Settlement administrator, Advanced Litigation Strategies, LLC, will apply to the Court for administration fees of $20,000. Defendants will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court. Defendant shall pay any amount due pursuant to this section within 30 days of the date the Court grants preliminary approval of this Agreement, to be held in escrow by Class Counsel pending Final Approval by the Court.

11.4   Any amount not approved by the Court for Attorneys' fees or Administration fees shall be donated to the National Federation for the Blind as a *cy pres* donation.

12. **Preliminary Approval, Objections, and Fairness Hearing.**

12.1 Promptly after execution of this Agreement, the Parties shall jointly request that the Court schedule a Preliminary Approval hearing as soon as the Court may set the hearing, and that the Court preliminarily approve the Agreement, preliminarily certify the claims of the Settlement Class for settlement purposes only, and approve the proposed form of Notice and plan for providing Notice.

12.2 Class Counsel shall ask the Court to schedule a Fairness and Final Approval hearing for a date set by the Court after the Notice Deadline.

12.3 Class Counsel shall ask the Court to order the following procedures for objections: Any Settlement Class Member may object to, or opt out of (in respect to compensatory damages only), the proposed Agreement by filing, within sixty (60) days after the first date of publication of the Notice, written notice of opt out or objection with the Settlement Administrator with copies served on Class Counsel and Defendant. Only objecting Settlement Class Members shall have the right, and only if they expressly seek it in their objection, to present objections orally at the Fairness Hearing. Responses by Defendant and Class Counsel to any timely-filed objections shall be made no less than twenty (20) days before the Fairness Hearing.

13. **Notice.** Notice of this Agreement shall be in a form agreed to by the Parties and approved by the Court. Notice shall be provided to the Settlement Class as follows:

(i) Defendant, with the assistance of the Settlement Administrator, will make reasonable efforts, and will bear the full costs, to publish the Notice through a link on the Palm.com website, for a 2 month period, in a format accessible through screen reading software, providing visually impaired individuals (1) a description of the general terms of the class settlement, (2) where to obtain a copy of the Agreement; and (3) their right to opt out (for compensatory damages only) or object to the Agreement. A proposed form of notice is attached as **Exhibit A**. Sample forms of opt out forms and objections are attached as **Exhibit B**.

(ii) Within thirty (30) days of the entry of the Preliminary Approval Order by the Court, Defendant, together with the Settlement Administrator, will effectuate the Notice plan and publish the Notice on the Settlement Website.

The failure of any Class Members to receive the Notice shall not be a basis for invalidating this Agreement or any order entered pursuant to this Agreement, and the settlement shall nevertheless be binding upon all Class Members.

14. **Final Approval and Dismissal.**

14.1 At the time of the Fairness Hearing, Defendant and Class Counsel shall jointly request that the Court grant Final Approval of this Agreement and enter a stipulation of dismissal.

14.2    The Parties agree that the United States District Court for the Southern District of New York, shall have continuing jurisdiction throughout the Term of this Agreement to interpret and enforce this Agreement.

## 15. Releases.

15.1    Release of Claims for Injunctive Relief

15.1.1  Effective on the date of the Final Approval, Named Plaintiff and all Settlement Class Members and each of their executors, successors, heirs, assigns, (collectively, the "Injunctive Releasing Parties"), in consideration of the relief set forth herein, the sufficiency of which is expressly acknowledged, unconditionally and forever do fully and finally release, acquit, and discharge Palm and its present and former parents, and each of their respective present, former, or future officers, directors, employees, shareholders, executors, successors, and assigns, each in their capacity as such (collectively the "Palm Parties") from the Released Injunctive Claims as defined below.

15.1.2 The "Released Injunctive Claims" are any and all claims, rights, demands, charges, complaints, actions, suits, and causes of action, whether known or unknown, suspected or unsuspected, accrued or unaccrued, as described in the Complaint, arising from a date three years prior to the filing of the Complaint through the date of this Agreement.

## 16. No Third Party Beneficiaries.

16.1    Nothing in this Agreement, express or implied, is intended to or shall confer upon any person or entity not a Party to this Agreement any right, benefit, or remedy of any nature whatsoever under or by reason of this Agreement.

16.2    For purposes of interpreting or enforcing this Agreement, individual class members shall not be deemed to be third-party beneficiaries of this Agreement. Only the Named Plaintiff through Class Counsel may seek to enforce the terms of this Agreement provided for herein or before the Court. To the extent individual class members have complaints regarding Defendant's implementation of the terms of this Agreement, they should bring them to the attention of Class Counsel.

**17.    Entire Agreement.** This Agreement contains all the agreements, conditions, promises, and covenants among Defendant, the Named Plaintiff, Class Counsel, and the Settlement Class, regarding matters set forth in it and supersedes all prior or contemporaneous agreements, drafts, representations, or understandings, either written or oral, with respect to the subject matter of the present Agreement.

**18.    Communications to Defendant and Class Counsel.** Unless otherwise indicated in the Agreement, all notices or communications required by this Agreement shall be in writing by email and U.S. Mail addressed as follows:

    18.1    To Named Plaintiff, Class Counsel, the Settlement Class: C.K. Lee, Esq., Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, New York 10016

    18.2    To Defendant: Ivan D. Smith, Esq., Kaufman Dolowich & Voluck, LLP, 40 Exchange Place, 20th Floor, New York, NY 10005.

19.    **Modification.** Prior to Final Approval, this Agreement can only be amended by written agreement of the Parties hereto. Following Final Approval, no modification of this Agreement shall be effective unless it is pursuant to Court Order.

20.    **Drafting of this Agreement.** This Agreement is deemed to have been drafted by all Parties hereto, as a result of arm's length negotiations among the Parties. Whereas all Parties have contributed to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

21.    **Execution by Facsimile and in Counterparts.** This Agreement may be executed by the Parties hereto by facsimile and in separate counterparts, and all such counterparts taken together shall be deemed to constitute one and the same agreement.

22.    **Duty to Support and Defend Agreement.** Named Plaintiff, Class Counsel, and Defendant each agree to abide by all of the terms of this Agreement in good faith and to support it fully, and shall use their best efforts to defend this Agreement from any legal challenge, whether by appeal or collateral attack.

23.    **Class Action Fairness Act.** Defendant will provide information concerning the Agreement and serve notice of the proposed settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. §§ 1711 *et seq.*

24.    **Deadlines.** The Parties and the Court recognize that from time to time unforeseen events, such as exigent business circumstances, labor disputes, natural disasters, personnel issues, and negotiations with third parties, cause delays in the accomplishment of objectives no matter how well-intentioned and diligent the Parties may be. Accordingly, with regard to the provisions of this Agreement that require that certain acts be taken within specified periods, the Parties understand and agree that Court approval shall not be required for reasonable extensions of deadlines. In the event that any Party determines that an action required by this Agreement cannot be taken within the specified time period, that Party shall promptly notify the other Parties that it anticipates a delay, the reasons for the delay, and proposed alternative deadline. The Parties shall endeavor to cooperate in a reasonable manner in rescheduling such deadlines. However, if the other Party does not agree to the proposed delay, the Parties shall submit the matter to Dispute Resolution.

[REST OF PAGE LEFT INTENTIONALLY BLANK]

IN WITNESS WHEREOF, the Parties hereto have caused the Agreement to be executed,

_____

LUCIA MARETT

Dated: 8-24-17

PALM RESTAURANT, INC.

By: WALTER J GANZI JR

Title: PRESIDENT

Dated: 9- 6 -17

LEE LITIGATION GROUP, PLLC,
*Counsel to Plaintiff and the Class*

_____

By: C.K. Lee, Esq.

Dated: 8-24-17

# EXHIBIT A

**ATTENTION: LEGALLY BLIND INDIVIDUALS IN THE UNITED STATES WHO HAVE ATTEMPTED TO VISIT THE WEBSITE HTTP://WWW.PALM.COM SINCE DECEMBER 5, 2013**

**YOU MAY HAVE A CLAIM UNDER THE SETTLEMENT DESCRIBED BELOW**

**READ THIS NOTICE AND FOLLOW THE INSTRUCTIONS CAREFULLY**

### BACKGROUND

This notice is to inform you of a class action settlement in the case of Marett v. Palm Restaurant, Inc. (Case No. 16-cv-9381), pending in the United States District Court for the Southern District of New York before the Honorable John G. Koeltl, United States District Judge. The case was brought by Plaintiff, Lucia Marett, on behalf of herself and legally blind individuals who have encountered access barriers on Palm.com. Plaintiff alleged that Defendant, Palm Restaurant, Inc., violated the Americans with Disabilities Act ("ADA") and New York State and local laws in designing and maintaining its website, Palm.com (the "Website"), such that blind visitors could not acquire the same information and engage in the same interactions as sighted visitors to the Website. Defendant denies all liability and the case has been vigorously contested. The Court has granted preliminary approval of the settlement and has scheduled a hearing on [final approval hearing date] to determine whether to grant final approval of the settlement.

### SUMMARY OF THE CLASS ACTION SETTLEMENT

The class action settlement calls for Defendant to ensure that the Palm.com Website is accessible such that blind visitors to the Website acquire the same information and engage in the same interactions with substantially equivalent ease of use as sighted visitors to the website. Pursuant to the settlement agreement, Defendants and Plaintiff's attorneys are working together to make the website accessible under that standard.

Under the settlement, Class Counsel will ask the Court to award reasonable fees and costs of $89,000 for their legal work on this case. Defendant does not dispute Class Counsel's right to recover reasonable fees and costs in the amount of $89,000.

Under the settlement, Class Counsel will ask the Court to award Plaintiff a service award in the amount of $1,000, for her services to the Class. Defendant does not dispute Plaintiff's right to receive a service award in the amount of $1,000.

Additionally, Class Counsel will ask the Court to approve payment of $20,000 as fees to Advanced Litigation Strategies, LLC to administer the settlement.

### OPTIONS FOR MEMBERS OF THE SETTLEMENT CLASS

If you are a legally blind individual who has attempted to access Palm.com since December 5, 2013, you have three options:

1. You may do nothing and be bound by the terms of the settlement; or

2. You may object to the settlement, in which case you must follow the procedures set forth below.

3. You may opt out of the settlement, in which case you must follow the procedures set forth below. However, please note that although Settlement Class Members may opt out in order to pursue monetary relief, no Settlement Class Member may opt out of the release of claims for injunctive relief.

Should the settlement be approved, all members of the Settlement Class that have not opted out will be bound concerning the terms of the settlement relating to the accessibility of the Website.

**If you choose to object to the settlement, you must submit a written objection, stating that you object to the settlement in *Marett v. Palm Restaurant, Inc.*, Case No. 16-cv-9381, to the Settlement Administrator, with copies to Class Counsel and counsel for Defendant. The addresses of the Settlement Administrator, Class Counsel, and counsel for Defendant are set forth below.** Your objection must be filed with or otherwise received by the Settlement Administrator no later than [60 days after the first date Notice is published]. If you wish to appear and present your objection orally at the hearing for final approval of the settlement, you must so state in your written objection. Your written objection should include your name, address and telephone number and should be mailed to the following address:

> Settlement Administrator
>
> Advanced Litigation Strategies, LLC
>
> 30 East 39th Street, Second Floor
>
> New York, New York 10016

**If you choose to opt out of the settlement to pursue monetary relief for compensatory damages, you must submit a written opt out statement, stating that you opt out of the settlement in *Marett v. Palm Restaurant, Inc.*, Case No. 16-cv-9381, to the Settlement Administrator, with copies to Class Counsel and counsel for Defendant. The addresses of the Settlement Administrator, Class Counsel, and counsel for Defendant are set forth below.** Your opt out statement must be filed with or otherwise received by the Settlement Administrator no later than [60 days after the first date Notice is published]. Your written opt out statement should include your name, address and telephone number and should be mailed to the following address:

> Settlement Administrator
>
> Advanced Litigation Strategies, LLC
>
> 30 East 39th Street, Second Floor
>
> New York, New York 10016

**FURTHER INFORMATION**

If you want a copy of the proposed settlement agreement or related documents, you may contact Class Counsel at the following address:

>C.K. Lee, Esq.
>
>Lee Litigation Group, PLLC
>
>30 East 39th Street, Second Floor
>
>New York, New York 10016

Counsel for Defendant may be contacted at the following address:

>Ivan D. Smith, Esq.
>
>Kaufman Dolowich & Voluck, LLP
>
>40 Exchange Place, 20th Floor,
>
>New York, New York 10005

The Settlement Agreement and case documents are available from Class Counsel. Alternatively, you may inspect the Court's files during business hours at the Clerk of the Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007. The case caption is *Marett v. Palm Restaurant, Inc.*, Case No. 16-cv-9381.

Please do not call the Judge or the Court regarding this matter.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

LUCIA MARETT, on behalf of herself and
others similarly situated,

                              Plaintiff,          Case No. 16-CV-9381

      -against-

PALM RESTAURANT, INC.

                            Defendant.

------------------------------------------------------------x

## OPT OUT FORM

**Complete and mail this Opt Out Form by [date] to:**

United States District Court         C.K. Lee, Esq.
Southern District of New York      Lee Litigation Group, PLLC
500 Pearl Street                       30 East 39th Street, Second Floor
New York, New York 10007         New York, New York 10016
Attention: Clerk of the Court

Ivan D. Smith, Esq.
Kaufman Dolowich & Voluck, LLP
40 Exchange Place, 20th Floor
New York, New York 10004

**I DO NOT WANT TO JOIN THE LAWSUIT** pending in the United States District Court for the Southern District of New York, Case No. 16-cv-9381.

Date: _____                _____
                                                      Signature

                                                        _____
                                                        Print Name

Address: _____

Telephone Number: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

LUCIA MARETT, on behalf of herself and
others similarly situated,

                          Plaintiff,          Case No. 16-CV-9381

       -against-

PALM RESTAURANT, INC.

                         Defendant.

------------------------------------------------------------x

## OBJECTION FORM

**Complete and mail this Objection Form by [date] to:**

United States District Court        C.K. Lee, Esq.
Southern District of New York     Lee Litigation Group, PLLC
500 Pearl Street                          30 East 39th Street, Second Floor
New York, New York 10007         New York, New York 10016
Attention: Clerk of the Court

Ivan D. Smith, Esq.
Kaufman Dolowich & Voluck, LLP
40 Exchange Place, 20th Floor
New York, New York 10005

    **I OBJECT TO THE LAWSUIT** pending in the United States District Court for the Southern District of New York, Case No. 16-cv-9381.

    The reason for my objection is:

_____

Date: _____

                                          _____
                                          Signature

                                          _____
                                          Print Name

Address: _____
Telephone Number: _____