IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

LUCIA MARETT, individually and on behalf of
all others similarly situated,

                Plaintiff,

v.

PALM RESTAURANT, INC.,

                Defendant.

Case No: 16 Civ. 9381

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 2-26-18

------------------------------------------------------------X

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT and Judgment

This matter came for hearing upon the parties' application for approval of the Settlement as set forth in the Class Settlement Agreement and Release (the "Settlement Agreement"). Due and adequate notice having been given to the Class; the Court having considered the Settlement Agreement; all papers filed, proceedings had, and all oral and written comments received regarding the proposed Settlement: the Court having reviewed the record in this lawsuit; and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment and Order of Dismissal ("Order"), adopts all defined terms as set forth in the Settlement Agreement filed in this case.

2. The Court has jurisdiction of the subject matter of the lawsuit, the Class Representative, the Class Members, and the Defendant.

3. The Court finds that the distribution of the Notice to Class Members, as provided for in the Order granting preliminary approval of the settlement ("Preliminary Approval Order"), constituted best notice practicable under the circumstances to all persons within the definition of

the Class and fully met the requirements of due process under the United States Constitution. Based on evidence and other material submitted in conjunction with the Fairness Hearing, the Notice to the Class was adequate.

4. The Court finds in favor of settlement approval.

5. The Court approves the settlement of the above-captioned action, as set forth in the Settlement Agreement, and finds that the terms, are fair, just, reasonable, and adequate. The parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

6. All of the released claims are dismissed with prejudice as to the Class Representative and the Class Members. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement and this Order.

7. By this Order, the Class Representative shall release, relinquish, and discharge, and each of the Class Members shall be deemed to have, and by operation of the Order shall have, fully, finally, and forever released, relinquished, and discharged all released claims against Defendant that accrued at any time on, or prior to, the date of final approval for any and all claims, rights, demands, charges, complaints, actions, suits, and causes of action for injunctive or declaratory relief based on any and all claims which are, or could have been raised, in the lawsuit either individually or on a class-wide basis, or which arise out of, or are in any way related to the subject matter of the lawsuit, including, but not limited to, any claims relating to the accessibility of Palm's Website and the adequacy of its ADA compliance policies and procedures relating to the Palm Website during the term of the Settlement Agreement.

8. This action is hereby dismissed in its entirety with prejudice.

9. Neither the Settlement Agreement nor any act performed or document executed pursuant to, or in furtherance of, the settlement may be deemed to be or may be used as an admission of, or evidence of: (i) the validity of any claim, or of any wrongdoing or liability of Defendant; or (ii) any fault or omission of Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

10. Defendant may file the Settlement Agreement and/or this Order in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment, bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Defendant has agreed to pay $89,000.00 for Class Counsel's reasonable attorneys' fees, future monitoring fees and allowable costs in this matter, $20,000 as fees to the Settlement Administrator, and $1,000.00 to the Class Representative as a Plaintiff incentive payment. The Court finds that the amount of fees and costs requested by Class Counsel, the amount of settlement administration fees, and the Plaintiff incentive payment are fair and reasonable.

12. The Court reserves exclusive and continuing jurisdiction for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement.

IT IS SO ORDERED.

DATED: 2/26/18

_____
Honorable John G. Koeltl
United States District Judge

*The Clerk is directed to enter Judgment and to close this case. So ordered.*

/s/ J. Koeltl
2/26/18   U.S.D.J.

4