I2q9marc

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   LUCIA MARETT,

4                  Plaintiff,

5            v.                              16 CV 9381 (JGK)

6   PALM RESTAURANT INC.,

7                  Defendant.

8   ------------------------------x
                                        New York, N.Y.
9                                       February 26, 2018
                                        4:29 p.m.
10
    Before:
11
                        HON. JOHN G. KOELTL
12
                                             District Judge
13
                          APPEARANCES
14
    LEE LITIGATION GROUP
15       Attorney for Plaintiff
    BY:  C.K. LEE
16
    KAUFMAN DOLOWICH & VOLUCK
17       Attorney for Defendant
    BY:  MAUREEN M. STAMPP
18

19

20

21

22

23

24

25

I2q9marc

1           (Case called)

2           MR. LEE:  C.K. Lee for the plaintiff.  Good afternoon,

3   your Honor.

4           THE COURT:  Good afternoon.

5           MS. STAMPP:  Good afternoon, your Honor.  This is

6   Maureen Stampp from Kaufman Dolowich for the defendant.

7           THE COURT:  Good afternoon.

8           This is a hearing for final approval of the settlement

9   and the application for attorneys' fees.

10           So, Mr. Lee.

11           MR. LEE:  Thank you, your Honor.  So we had placed the

12   notice on the website.  And the website is -- and the notice is

13   accessible through the company's website through a

14   click-through that only people who are individually -- who are

15   visually impaired can access through a screen reading software.

16   And based on the results, there were 124 click-throughs and

17   there have been no objections or opt-outs.

18           We believe the settlement is fair.  We believe that it

19   is a unique opportunity for the Court to provide a case of

20   first impression where there is an injunctive relief class for

21   cases of this type.  It can allow defendants to achieve

22   certainty in terms of a settlement that they will not be sued

23   again by different claimants in various states.  And this is a

24   settlement which provides adequate relief.  It provides for

25   injunction where the defendant will be required to fix and

I2q9marc

1    maintain their website to the highest standard that the

2    business community has agreed upon, which is WCAG2.0A and AA

3    standards.  It's a standard that has been approved in the

4    Winn-Dixie lawsuit down in Florida.  It's a standard that was

5    approved by Judge Weinstein in the Eastern District.  It's a

6    standard that was approved by Judge Forrest here in the

7    Southern District under the Five Guys case.

8             So in general we believe that this lawsuit is fair.

9    It provides a significant relief for people who are visually

10   impaired.  And it sets a unique precedent for the community to

11   allow guidance on how to resolve these cases.

12            Thank you, your Honor.

13            THE COURT:  Do you want to speak to the issue of

14   attorneys' fees also?

15            MR. LEE:  Sure.

16            In regards to the attorneys' fees, the -- we've

17   provided a lodestar.  The crosscheck, I believe, is a little

18   bit lower.  Our lodestar is actually higher than the amount of

19   fees that was requested.

20            In a similar case in front of Judge Weinstein the fees

21   in that case was approved and his settlement was what he

22   regarded as kind of a hybrid.  It was not exactly a Rule 23

23   settlement but he precluded any other claimant to proceed with

24   a lawsuit while the injunction was being pursued by the

25   defendant in that lawsuit.

4

I2q9marc

1          So we believe that the fees accrued and incurred in

2     this case are fair and reasonable.  There was significant work

3     that was done.  There was an additional amount of approval that

4     needed to be undertaken.  There were significant negotiations

5     in regards to the settlement with the defendants.

6          So we believe that for the amount of time and effort

7     that was placed into this case and in particular it was -- it's

8     a case of first impression.  It's a unique case.  I don't

9     believe that there has been any other case of this type in the

10    entire country.

11         And so for that purposes I believe that the amount of

12    time and effort that's spent on this case was commensurate for

13    what we're trying to accomplish.

14         Thank you, your Honor.

15         THE COURT:  Okay.  Ms. Stampp.

16         MS. STAMPP:  I don't have anything substantive to add

17    to what Mr. Lee has already said, your Honor.  Thank you.

18         THE COURT:  Okay.  All right.  I'll approve the

19    settlement as fair, reasonable and adequate.  It's plain it was

20    procedurally fair.  It was negotiated at arm's length.  There

21    is no evidence of any collusion.  It's substantively

22    reasonable.  It achieves some injunctive relief for the class

23    that makes it -- makes the website accessible for those people

24    who because of their disability could not otherwise access the

25    website.  The fact that there was notice, even though it was

I2q9marc

not required for a (b)(2) class, and an opt-out provision for
damages is an important factor in my mind in approving the
settlement because not only was there notice but there were no
objections and no opt-outs.

So, applying all of the factors, it's plain that the
settlement is fair, reasonable and adequate.  It's also clear
that while notice was not required, notice was reasonable for
purposes of due process and Rule 23.

That brings us to the issue of attorneys' fees.  The
attorneys' fees in this case are reasonable.  The lodestar was
in excess of $95,000.  And the plaintiff seeks $89,000,
including expenses, which are very modest.  The attorney rates
are reasonable, certainly comparable to other rates.  The
amount of hours are reasonable.  And I appreciate that I caused
additional work in order -- by the lawyers in order to satisfy
myself that the settlement was fair and reasonable and to
understand the terms of the settlement.

So, the lawyers did a very good job.  I always
hesitate some in heaping too much praise on the lawyers because
I don't like to see myself quoted in other cases as a
endorsement for the lawyers, as happened in the papers here
with respect to other judges.  So I hope never to see myself in
a transcript explaining that the lawyers did work which
justified the fees that the lawyers were seeking, which they
did.  The lawyers made a more than sufficient showing of the

I2q9marc

| | |
|---|---|
| 1 | reasonableness of the fees sought in this case which was about |
| 2 | ten percent less than the lodestar, which was a reasonable |
| 3 | lodestar.  So the incentive fee for the individual plaintiff is |
| 4 | reasonable.  The attorneys' fees are reasonable. |
| 5 | So I'll sign the order approving the settlement and |
| 6 | closing the case and also approving the attorneys' fees. |
| 7 | Mr. Lee, do you have proposed orders or do you want me |
| 8 | to -- |
| 9 | MR. LEE:  Yes. |
| 10 | THE COURT:  I realize they're attached. |
| 11 | MR. LEE:  I do have a proposed order for the Court. |
| 12 | THE COURT:  There are two orders.  One is granting |
| 13 | final approval and the other is approving attorneys' fees and |
| 14 | reimbursement of expenses. |
| 15 | MR. LEE:  Yes.  I actually have both, your Honor. |
| 16 | (Pause) |
| 17 | THE COURT:  I've signed the order granting final |
| 18 | approval.  I've added a line which says:  The clerk is directed |
| 19 | to enter judgment and to close this case. |
| 20 | And I've signed the order for attorneys' fees.  And |
| 21 | we'll see that both of these orders get entered.  And I'm going |
| 22 | to return to you the extras that you gave me, the cover pages |
| 23 | and the like. |
| 24 | MR. LEE:  Thank you, your Honor. |
| 25 | THE COURT:  Anything else? |

7

I2q9marc

1            MS. STAMPP:  No, your Honor.

2            THE COURT:  Good to see you all.

3            MR. LEE:  Thank you, your Honor.  Thanks again.

4            (Adjourned)